itusriN, Judge
 

 The exceptions of the plaintiffs are both overruled ; because the allowances both for rent and damages are more than ample. The clerk gives full rent, as if the landlord had kept up repairs ; and
 
 *69
 
 at the same time, charges the defend ants with them. Had the other side excepted for this, the amount might have been reduced, but there is no reason to increase it.
 

 Promissory notes executed by the plaintiff, and .payable to persons not parties, cannot be set off against the amount reported in his fa-vour.
 

 If payable to ■a defendant, and the plaintiff is insolvent, they may be set .off upon petition.
 

 But ifnot payable to a party, it can only bo done by bill-
 

 Though rents do not usually bear interest, until the filing of the bill, or an account be demanded, yet where the possession was, as bore,
 
 mala Jide
 
 from the beginning, the profits became a debt from their perception ; and of course bear interest. The first exception of the defendants is therefore overruled.
 

 The bonds mentioned in the second exception can, on no principle, form set-offs. -They do not appear to belong to the defendants, except from the possession. They are not mutual debts at law or in equity, except by bringing in other facts and persons not before the Court, and not stated in the answer. If indeed the obli-gor be insolvent, that would be a ground in this court, why they should be deemed a satisfaction of so much of the sum, as may be decreed to that party. And to enable the defendants to avail themselves of that, a petition might be filed in the cause, had the bonds been assigned to the defendants. But as other persons, namely the obligees in the bonds, would be necessary parties, a petition will not
 
 serve;
 
 and the defendants must be put to their bill, as in
 
 Iredell
 
 v.
 
 Langston, (ante
 
 1
 
 vol.
 
 392) This exception must also be overruled.
 

 Per Curiam. — Decree accorbiNGXT.